UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT       :
                                            ss. New Haven, December 21, 2016
County of New Haven         :

3:16mj738 (JALM)

### AFFIDAVIT

I, Joshua Cameron, being duly sworn, depose and say:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code. I have been employed as a Police Officer with the Hamden (CT) Police Department since February 2004. From March 2011 to the present, I have been assigned to the Drug Enforcement Administration ("DEA") New Haven District Office's New Haven Organized Crime Drug Task Force, ("Task Force"), as a Task Force Officer ("TFO"). I am a participating member of the Task Force, which is composed of personnel from the DEA, United States Marshal Service, ("USMS"), New Haven Police Department ("NHPD"), Derby Police Department ("DPD"), East Haven PD ("EHPD"), West Haven Police Department ("WHPD"), Meriden Police Department ("MPD"), Branford Police Department ("BPD"), Ansonia Police Department ("APD") and Hamden Police Department ("HPD"), and as such, I have participated in numerous investigations concerning violations of federal law. More specifically, I have participated in numerous investigations of narcotics traffickers. I have coordinated controlled purchases/and purchased illegal drugs utilizing confidential sources, cooperating witnesses and undercover police officers. I have written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the distribution of controlled substances, conducted electronic surveillance and physical surveillance of individuals involved in the

distribution of controlled substances, analyzed records documenting the purchase and sale of illegal drugs, spoken with informants and subjects, as well as other local, state and Federal law enforcement officers, regarding the manner in which narcotics traffickers obtain, finance, store manufacture, transport, and distribute illegal drugs. I have received instruction relative to conducting drug investigations while attending in-service training at the Connecticut Police Academy (POSTC) in Meriden, CT and the DEA Narcotics Investigation School in Franklyn, MA. In addition, I also receive periodic in-service training relative to conducting drug investigations. I have prepared affidavits in support of state search warrants and arrest warrants and have executed numerous federal and state search and arrest warrants.

2.  This affidavit is submitted in support of both a criminal complaint and a search warrant. Specifically, the affidavit sets forth probable cause supporting the charges that Erick C. ESCALANTE ("ESCALANTE"), DOB: xx/xx/1969, resident of 1069 East Kennedy Lane, San Luis, Arizona, possessed with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and conspired to possess with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. In addition, the affidavit is submitted in support of an application for a search warrant for the vehicle identified as a large 18 wheeler tractor trailer truck bearing Arizona Registration AG93092, VIN #3HSCUAPR2BN267511, and the attached trailer bearing Arizona registration 02743C, VIN #1UYVS253XAU066601, both of which are registered to ESCALANTE (referenced herein as the "Subject Vehicle"). As described below, I have probable cause to believe, and I do believe, that the Subject Vehicle will contain evidence, instrumentalities, and fruits of the offenses of possession with the intent to distribute a mixture and substance

containing a detectable amount of fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and conspiracy to possess with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. § 846.

3.      This affidavit sets forth facts and evidence that are relevant to the requested arrest and search warrants, but does not set forth all of the facts and evidence that have been gathered during the course of the investigation of this matter. More specifically, I have set forth only facts that I believe are necessary to establish probable cause for the issuance of the requested warrants. I have personally participated in this investigation. The statements contained in this affidavit are based, in part, on information provided by other Special Agents and Task Force Officers of the DEA, and members of the Derby and Shelton Police Departments, and the training and experience of this affiant.

4.      On December 21, 2016, members of the DEA New Haven District Office ("NHDO") assisted the Derby and Shelton Police Departments with a motor vehicle stop in Derby, CT, which possibly contained a large quantity of narcotics inside the vehicle they had stopped. Derby Police Department Patrol Officer Sicsico informed members of the NHDO that they conducted a motor vehicle stop of a large 18 wheeler tractor trailer truck bearing Arizona Registration AG93092, VIN #3HSCUAPR2BN267511, with an attached trailer bearing Arizona registration 02743C, VIN #1UYVS253XAU066601, which are both registered to Eric ESCALANTE, for State of Connecticut motor vehicle violations on Route 34 in Derby, CT. Specifically, he was pulled over for failing to stay in his lane and failing to drive in the proper lane, in violation of Conn. Gen. Stat. § 14-236. During that stop and the initial roadside interview of the operator ESCALANTE, who was the only occupant inside the vehicle, ESCALANTE

indicated that he was currently looking for somewhere to park his truck. ESCALANTE further advised officers that he recently made a drop of cargo in Orange, CT and is not familiar with where to find diesel fuel for his truck. Officers indicated that ESCALANTE appeared abnormally nervous and at times appeared confused as to where he was going and from where he was coming.

5. Officers observed a large cardboard box located on the front passenger seat of the truck. Officers indicated that they asked ESCALANTE what was in the box that was located on the front seat. ESCALANTE replied "Shit" and said that the officers could have the box. This statement raised the officers' concerns and, coupled with ESCALANTE's behavior to that point, they believed he was involved in some type of criminal behavior, specifically transporting narcotics. They asked ESCALANTE to exit the vehicle and to speak with the officers at the rear of the truck. While speaking with ESCALANTE at the back of the truck, officers requested a Shelton Police Department K-9 handler to respond to the scene. ESCALANTE further informed officers that he would let them talk to the dispatcher to explain where and why he was in CT. Officers subsequently spoke with his company dispatcher who advised the officers that ESCALANTE had failed to notify them that he was leaving the last stop where he was scheduled to make a delivery.

6. A short time later, Shelton Police K-9 Officer Daniel Loris and his K-9 partner "Stryker" arrived on the scene. They are certified by the State of Connecticut for narcotics and patrol dog functions. Shelton PD K-9 Officer Loris and his K-9 partner "Stryker" conducted an exterior sniff of the vehicle. During the external sniff of the truck, K-9 "Stryker" alerted to the area of the driver's side door of the vehicle. This positive alert and indication was for the presence of narcotics in the front cab portion of the vehicle.

7. Based on the positive alert of the driver's side door of the truck, Officer Loris and

K-9 "Stryker" then conducted a search of the interior of the cab portion of the truck. During the search, K-9 "Stryker" alerted to the positive presence of narcotics on the box that was placed on the front passenger seat of the vehicle. This was the same box that ESCALANTE tried to give to the initial officers who pulled him over. K-9 "Stryker" also hit on several other areas inside the cab of the truck during the search.

8.  After the positive alert from K-9 "Stryker," officers retrieved the box from the front passenger seat of the vehicle and relocated to where another police vehicle was parked. Officers subsequently opened the box and discovered 25 brick-like packages placed inside vacuum sealed bags. All the packages also contained markings and "stamps" which, based on my training and experience, are from narcotics trafficking organizations to identify the location and the person where the narcotics are being transported. Subsequently, the packages were weighed and tested using two different field tests. The tests were positive for the presence of fentanyl. The packages weighed approximately 55 pounds.

9.  Subsequently, ESCALANTE was placed under arrest by the Derby Police and transported to their detention facility. The Subject Vehicle was towed from the scene pending the application of a Search and Seizure Warrant. ESCALANTE advised the officer on the scene that the package was not his and that the police could take it. In a post-arrest, Mirandized interview with the DEA, ESCALANTE admitted that he had picked up the package from an unidentified male in California. He then traveled from California to Baltimore, Maryland, where he was directed to go to an address in Waterbury, CT. After making a delivery in Orange, CT, he was heading to Waterbury to deliver the package. The Orange delivery did not involve narcotics.

## CONCLUSION

10. On the basis of the foregoing information, there is probable cause to believe that within the Subject Vehicle there are presently concealed those items set forth in Attachment A to the application for search warrant entitled "Items To Be Seized," which is incorporated herein by reference and which constitute contraband, fruits or proceeds of a crime or evidence of the commission of federal narcotics trafficking offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

11. In addition, this affidavit supports probable cause to believe that, in December 2016, Eric ESCALANTE possessed with the intent to distribute, and conspired to possess with the intent to distribute, a mixture and substance containing a detectable amount of fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. As a result, I request that the attached complaint and arrest warrant issue.

12. Because this is an application that pertains to an ongoing criminal investigation, and because disclosure of the information contained herein as well as disclosure of the warrants and complaint being requested herein may compromise the investigation, I request that the criminal complaint, arrest warrant, search warrant, search warrant application and this affidavit be ordered sealed by the Court, until further order of the Court.

Task Force Officer Joshua Cameron
Drug Enforcement Administration

Subscribed and Sworn to before me
this 21 day of December 21, 2016

/s/ Sarah A. L. Merriam, USMJ
The Honorable Sarah A.L. Merriam
United States Magistrate Judge